David T. Maloof, Esq.
Kipp C. Leland, Esq.
MALOOF & BROWNE LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE INC,

                         *Plaintiff,*

                - against -

XPO LOGISTICS LLC, XPO INTERMODAL
SOLUTIONS, INC. and ABBOS
TRANSPORTATION INC.,

                      *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Index No.: 22-Civ-4502**

**COMPLAINT**

       Plaintiff Sompo Japan Insurance Inc. (hereinafter "Plaintiff" or "Sompo") by its undersigned attorneys, Maloof & Browne LLC, for its Complaint, alleges on information and belief as follows:

### GENERAL ALLEGATIONS
### APPLICABLE TO ALL CAUSES OF ACTION

### JURISDICTION, VENUE AND PARTIES

       1.     This Court has subject matter jurisdiction pursuant to federal law under 28 U.S.C. § 1331 as a claim arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C. § 14706 and/or federal common law, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      At all times material hereto, Plaintiff was and is a corporation existing under and by virtue of the laws of Japan with its principal place of business at 26-1,Nishi-Shinjuku 1-chome, Shinjuku-ku, Tokyo 160-8338, Japan, and who insured nonparty Canon U.S.A., Inc. and its corporate affiliates (hereinafter "Canon"), the owner of the Shipment which is the subject matter of this action.

3.      Defendant XPO Logistics, LLC (hereinafter "XPO Logistics") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 11215 North Community House, Charlotte, NC 28277, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in the transportation of goods and operates and runs routes in this District, and does business in the State of New York and in this District.

4.      Defendant XPO Intermodal Solutions, Inc. (hereinafter "XPO Intermodal") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 5165 Emerald Parkway, Suite 300, Dublin, OH 43017, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in the transportation of goods and operates and runs routes in this District, and does business in the State of New York and in this District.

5.      Hereinafter, XPO Logistics and XPO Intermodal will be referred to, both individually and collectively, as "XPO".

6.      Defendant Abbos Transportation, Inc. (hereinafter "Abbos") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 3404 Redwing Dr., Naperville, IL 60564, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in

the transportation of goods and operates and runs routes in this District, and does business in the State of New York and in this District.

      7.     Venue is proper here within the meaning of 28 U.S.C. § 1391(c) and/or 49 U.S.C. § 14706(d) because Defendants are receiving and/or delivering carriers and/or do business and/or schedule or operate trucks and routes throughout the 48 contiguous United States including the State of New York and the area comprising the Southern District of New York. Additionally, the Defendants agreed by contract that any dispute with respect to the shipment at issue in this action is to be filed in the United States District Court for the Southern District of New York. New York is the most convenient forum because a number of the most important witnesses involved with the claim are located here.

## THE SHIPMENT

      8.     On or about November 18, 2021, there was shipped by Canon and delivered to Defendants in San Pedro, California, a consignment consisting of 40 pallets of Canon branded printer toner cartridges and accessories, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendants agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment to Woodridge, Illinois, and there deliver the Shipment in the same good order and condition as when received. The Shipment is described in a transportation document bearing number 33-000000000019388 and 180/455926.XD18780, and additionally governed by a contract with an effective date of October 15, 2018 between Canon and XPO (hereinafter referred to as the "XPO Contract"), and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

      9.     The Shipment was not delivered at destination in the same good order and

condition as received, but on the contrary, was severely damaged, all in violation of Defendants'

obligations as carriers and/or brokers and/or forwarders and/or otherwise.

10.     Plaintiff Sompo insured the Shipment against loss and damage. By reason

of the loss described above, Sompo was obliged to pay and actually paid the claim to Canon, the

shipper and owner of the consignment, and incurred substantial additional other expenses, for

which Defendants are legally liable. Plaintiff brings this action on its own behalf and as agent or

trustee on behalf of its insured for its deductible interest, and on behalf of all parties who may be

or become interested in the subject Shipment as their respective interests may ultimately appear,

and Plaintiff is duly entitled to maintain this action.

11.     Plaintiff Sompo and its assured have performed all conditions on their

parts to be performed.

12.     By reason of the foregoing, Plaintiff has sustained damages, as nearly as

can now be estimated, no part of which has been paid although duly demanded, in a sum

estimated to be up to or exceeding U.S. $400,000.00.

**FIRST CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**

**BREACH OF CONTRACT AND/OR**
**DUTIES UNDER THE CARMACK AMENDMENT**

13.     Plaintiff incorporates herein by reference all of the preceding allegations

and all of the allegations below.

14.     By reason of the foregoing, the Defendants were carriers of merchandise

and/or freight forwarders and/or brokers and breached their duties as such under the Carmack

Amendment, 49 U.S.C. § 14706, and/or other applicable laws and/or under the applicable

transportation contracts.

4

15.     By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $400,000.00.

**SECOND CAUSE OF ACTION
AGAINST DEFENDANT XPO**

**<u>BREACH OF XPO CONTRACT</u>**

16.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

17.     Pursuant to subrogation, Plaintiff is entitled to assert rights Canon has against XPO in the XPO Contract with respect to the Shipment.

18.     The XPO Contract provided, *inter alia*, that XPO would carefully select a trucker to transport the Shipment.

19.     Pursuant to the XPO Contract, XPO, *inter alia*, used inadequate care in selecting the trucker Abbos to carry the Shiment.

20.     Under Clause 12(m) of the XPO Contract, XPO agreed, *inter alia*, that Abbos would have $250,000 of insurance to cover cargo damage to the Shipment.

21.     XPO breached Clause 12(m) of the XPO Contract, as, *inter alia*, Abbos did not have $250,000 of insurance to cover cargo damage to the Shipment.

22.     Under Clause 13(a) of the XPO Contract, XPO specifically agreed, *inter alia*, that XPO itself would also be liable for cargo damage to the Shipment up to $250,000.

23.     XPO breached Clause 13(a) of the XPO Contract, insofar as, *inter alia*, XPO has neither paid nor agreed to pay for any damage damage to the Shipment.

24.     Under Clause 13(o) of the XPO Contract, XPO specifically agreed, *inter alia*, that XPO itself would assist Plaintiff in collecting from Abbos on its cargo claim for

damage to the Shipment.

25.     XPO breached Clause 13(o) of the XPO Contract, insofar as XPO has, *inter alia*, provided no known assistance to Plaintiff whatsoever in collecting any amount from Abbos.

26.     Under Clause 14(b)(ii) of the XPO Contract, XPO specifically agreed, *inter alia*, that Plaintiff's insured would be loss payee on all insurance policies covering the Shipment, including, *inter alia*, Abbos' policy.

27.     XPO breached Clause 14(b)(ii) of the XPO Contract, insofar as, *inter alia*, XPO has provided no insurance policy naming Plaintiff's insured as loss payee with respect to the Shipment.

28.     By reason of the foregoing, the Defendant XPO has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $400,000.00.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANT ABBOS

### BREACH OF BAILMENT OBLIGATIONS

29.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

30.     The Defendant Abbos was acting as a bailee of the Shipment at the time of the loss.  The Defendant Abbos was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant Abbos breached those bailment obligations and negligently

failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to them.

31.     By reason of the foregoing, the Defendant Abbos has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $400,000.00.

## FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

### NEGLIGENCE/GROSS NEGLIGENCE

32.     Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

33.     The Defendants, by their negligence and/or gross negligence, as set forth above in the Second Cause of Action, and additionally, *inter alia*, including their negligent entrustment/failure to carefully select the actual truckers, caused the damage to the Shipment. The facts indicate that Defendants may also well have failed to use reasonable care in handling the Shipment and/or in other ways which will be elucidated in discovery.  The Defendants therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to them.

34.     By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $400,000.00.

WHEREOF, Plaintiff prays:

1.     That process in due form of law may issue against the Defendants XPO Logistics, XPO Intermodal Solutions and Abbos, citing them to appear and answer all and singular the matters aforesaid;

2.      That judgment may be entered in favor of Plaintiff against Defendants XPO Logistics, XPO Intermodal Solutions and Abbos on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, costs and the disbursements of this action;

3.      That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  Rye, New York              MALOOF & BROWNE LLC
    June 1, 2022

               By:  /s/ David T. Maloof
                 David T. Maloof, Esq.
                 Kipp C. Leland, Esq.
               411 Theodore Fremd Avenue - Suite 190
               Rye, New York 10580
               Tel: (914) 921-1200
               Fax: (914) 921-1023
               E-mails: dmaloof@maloofandbrowne.com
                     kleland@maloofandbrowne.com

               *Attorneys for Plaintiff*

F:\WP-DOCS\2507.57\Pleadings\060122 FINAL SDNY Complaint.doc

8